IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02351-KLM

BETHANY A. PAGE,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court[1] on the **Social Security Administrative Record** [#11],[2] filed December 1, 2014, in support of Plaintiff's Complaint [#1] seeking review of the decision of Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, ("Defendant" or "Commissioner") denying Plaintiff's claim for disability insurance benefits pursuant to Title II of the Social Security Act (the "Act"), 42 U.S.C. § 401 et seq., and for supplemental security income benefits pursuant to Title XVI of the Act, 42 U.S.C. § 1381 et seq.  On January 28, 2015, Plaintiff filed an Opening Brief [#14] (the "Brief").  Defendant filed a Response [#15] in opposition, and Plaintiff filed a Reply [#16]. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c).  The Court has reviewed the entire case file and the applicable law and

---

[1] The parties consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2.  *See* [#19, #21].

[2] "[#11]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Order.

is sufficiently advised in the premises.  For the reasons set forth below, the decision of the Commissioner is **REVERSED** and this case is **REMANDED** for further proceedings.

## I. Factual and Procedural Background

Plaintiff alleges that she became disabled at the age of thirty on May 15, 2008, due to migraines, anxiety, depression, and hormonal imbalance.  Tr. 169, 171, 201.[3]  On July 25, 2011, Plaintiff filed applications for disability insurance benefits under Title II and for supplemental security income under Title XVI.  Tr. 169, 171.  On February 22, 2013, an Administrative Law Judge (the "ALJ") issued an unfavorable decision.  Tr. 34.

The ALJ determined that Plaintiff met the insured status requirements of the Act through March 31, 2009, and that Plaintiff had not engaged in substantial gainful activity ("SGA") since May 15, 2008, the alleged onset date.  Tr. 23.  The ALJ found that Plaintiff suffers from five severe impairments: (1) migraine headache, (2) herniated disc, (3) depression, (4) anxiety, and (5) attention deficit hyperactivity disorder.  Tr. 22.  However, the ALJ also found that these impairments, individually or in combination, do not meet or medically equal "the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)."  Tr. 23.  The ALJ next concluded that Plaintiff has the residual functional capacity ("RFC") to perform the full range of light unskilled work.  Tr. 24.  Based on the RFC and the testimony of an impartial vocational expert ("VE"), the ALJ found that Plaintiff was able to perform past relevant work, including work as a Housekeeper.  Tr. 33.  He therefore found Plaintiff not disabled at step four of the sequential evaluation.  Tr. 33.  The

---

[3] The Court refers to the Transcript of the Administrative Proceedings, located at Docket Nos. 11, 11-1, 11-2, 11-3, 11-4, 11-5, 11-6, 11-7, 11-8, 11-9, 11-10, and 11-11 by the sequential transcript numbers instead of the separate docket numbers.

ALJ's decision has become the final decision of the Commissioner for purposes of judicial review.  20 C.F.R. §§ 404.981, 416.1481.

## II. Standard of Review and Applicable Law

Pursuant to the Act:

[T]he Social Security Administration is authorized to pay disability insurance benefits and Supplemental Security Income to persons who have a "disability." A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."

*Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (quoting 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B)).  Under the applicable legal standard, a claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(a); *see also Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009) (quoting 20 C.F.R. § 416.905(a)).  The existence of a qualifying disabling impairment must be demonstrated by "medically acceptable clinical and laboratory diagnostic" findings.   42 U.S.C. §§ 423(d)(3), 423(d)(5)(A).

"When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination."  *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Act.  To be disabling, the claimant's condition must be so functionally

limiting as to preclude any substantial gainful activity for at least twelve consecutive months. *See Kelley v. Chater,* 62 F.3d 335, 338 (10th Cir. 1995).

The Court reviews a final decision by the Commissioner by examining the administrative record and determining "whether the [ALJ's] factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). However, the Court "may neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Harper v. Colvin*, 528 F. App'x 887, 890 (10th Cir. 2013) (quoting *Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000)). In other words, the Court does not reexamine the issues de novo. *Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F. 3d 739, 741 (10th Cir. 1993). Thus, even when some evidence could support contrary findings, the Court "may not displace the agency's choice between two fairly conflicting views," even if the Court may have "made a different choice had the matter been before it *de novo.*" *Oldham v. Astrue*, 509 F.3d 1254, 1257-58 (10th Cir. 2007).

**A.     Legal Standard**

The Social Security Administration uses a five-step framework to determine whether a claimant meets the necessary conditions to receive Social Security benefits. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof at steps one through four, and if the claimant fails at any of these steps, consideration of any subsequent step or steps is unnecessary. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) ("If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."). The Commissioner bears the burden of proof at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Step one requires the ALJ to determine whether a claimant is "presently engaged in substantial gainful activity." *Wall*, 561 F.3d at 1052 (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004)). If not, the ALJ considers at step two whether a claimant has "a medically severe impairment or impairments." *Id.* "An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities." *Wall*, 561 F.3d at 1052 (citing 20 C.F.R. § 404.1521). Next, at step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation," *i.e.*, the "Listings." *Wall*, 561 F.3d at 1052 (quoting *Allen*, 357 F.3d at 1142). "If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent her from performing her past relevant work." *Wall*, 561 F.3d at 1052 (citing *Allen*, 357 F.3d at 1142). "Even if a claimant is so impaired, the agency considers, at step five, whether she possesses the sufficient [RFC] to perform other work in the national economy." *Id.*

**B.    Substantial Evidence**

An ALJ must consider all evidence and explain why he or she finds a claimant not disabled. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). However, the ALJ need not specifically "reference everything in the administrative record." *Wilson*, 602 F.3d at 1148. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1140 (internal quotation marks omitted). "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). A decision by the ALJ is not based on substantial evidence "if it is overwhelmed by other evidence in the record . . . ." *Grogan v. Barnhart*, 399 F.3d

1257, 1261-62 (10th Cir. 2005). In other words, the Court's determination of whether the ALJ has supported his or her ruling with substantial evidence "must be based upon the record taken as a whole." *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994). Further, evidence is not substantial if it "constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). In addition, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### III.  Analysis

Plaintiff requests judicial review of the ALJ's decision denying her disability insurance benefits and supplemental security income. *Brief* [#14] at 2. Specifically, Plaintiff argues that: (1) the ALJ erred by failing to weigh the opinion of Brett Valette, Ph.D. ("Dr. Valette"); (2) the ALJ erred by failing to weigh the opinions of the State agency physicians; (3) the ALJ's finding that Plaintiff can perform light unskilled work is not supported by the evidence and does not adequately account for Plaintiff's impairments; (4) the ALJ failed to properly assess the frequency and duration of Plaintiff's migraines; and (5) the ALJ failed to ensure that the record contained adequate information to accurately assess Plaintiff's RFC limitations. *Id.* at 4.

The Court begins with Plaintiff's second argument regarding the opinions of the State agency physicians, Henry Fieger, M.D. ("Dr. Fieger") and Gayle Frommelt, Ph.D. ("Dr. Frommelt"). With respect to these opinions, the ALJ briefly stated:

> As for opinion evidence, the above-assessed [RFC] is supported by the medical evidence in the record. Little weight is given to the state agency findings that there is insufficient evidence in the record prior to the claimant's date last insured. The weight assigned to the treating and examining source

opinions has been previously discussed above.

Tr. 32 (internal citations omitted).

As Plaintiff notes, the findings and opinions of Dr. Fieger and Dr. Frommelt are divided into two parts. *Brief* [#14] at 25-26. The first part concerns their opinions regarding Plaintiff's claim filed under Title II of the Act. Tr. 87-96. The second part concerns their opinions regarding Plaintiff's claim filed under Title XVI of the Act. Tr. 97-110. The relevant difference between Title II and Title XVI is the period each covers with respect to the benefits Plaintiff can receive. "[T]he period under consideration for disability benefits [under Title II] stretches from the date of alleged onset . . . to the date last insured . . . , and the period under consideration for [supplemental security income under Title XVI] stretches from the protective filing date . . . to the date of the ALJ's decision . . . ." *Tucker v. Barnhart*, 201 F. App'x 617, 621 (10th Cir. 2006); *see also Fulton v. Colvin*, __ F. App'x __, __, No. 15-6054, 2015 WL 6847808, at *1 n.1 (Nov. 9, 2015) ("For [disability insurance benefits] purposes [under Title II], [the claimant] had to show he was disabled on or before his date last insured . . . , but the ALJ considered medical evidence up through the date of his decision . . . for the purpose of [supplement security income] benefits [under Title XVI]."). If successful on her Title II claim, Plaintiff would be entitled to disability insurance benefits from May 15, 2008 (i.e., the alleged onset date of her disability) through March 31, 2009 (i.e., the date last insured). Tr. 20, 22. If successful on her Title XVI claim, Plaintiff would be entitled to supplemental security income benefits from July 25, 2011 (the protective filing date) through the date of the ALJ's decision. Tr. 20. In this case, therefore, the Title II and the Title XVI claims cover two distinct periods.

In the Decision, the ALJ addressed the first part of the State agency physicians'

opinions by explaining that he gave little weight to their conclusion that there was insufficient evidence in the record to determine whether or not Plaintiff was disabled prior to the date last insured. Tr. 32. This, of course, refers solely to Plaintiff's claim under Title II. *Tucker*, 201 F. App'x at 621. The ALJ did not discuss the portion of the State agency physicians' opinions which referred to the period covered by Title XVI. Tr. 32. There, Dr. Fieger opined that Plaintiff could never climb ladders, ropes, or scaffolds and that she must avoid concentrated exposure to hazards. Tr. 106. Dr. Frommelt opined that Plaintiff was moderately impaired in her ability to interact appropriately with the general public, was moderately impaired her in her ability to complete a normal workday or workweek without interruptions, and moderately impaired in her ability to accept instructions and respond appropriately to criticism from supervisors. Tr. 107-08.

The ALJ found that Plaintiff could perform the full range of light, unskilled work. Tr. 24. "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b), 416.967(b). Further, "[e]ven though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b), 416.967(b). With respect to unskilled work, "[t]he basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting." SSR 85–15, 1985 WL 56857, at *4 (1985).

The RFC contained no additional qualifications on Plaintiff's ability to perform light,

unskilled work. Tr. 24. The State agency physicians opined that Plaintiff's impairments required certain qualifications on Plaintiff's ability to work beyond the parameters imposed by the ALJ. Tr. 106-08. The ALJ must therefore provide an explanation for rejecting this medical evidence. *Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001). This is not a case of harmless error where the medical opinions do not contradict the ALJ's RFC finding. *See Akers v. Colvin*, 556 F. App'x 754, 758 (10th Cir. 2014) (citing *Mays v. Colvin*, 739 F.3d 569, 578-79 (10th Cir. 2014) ("[A]n ALJ's failure to weigh a medical opinion involves harmless error if there is no inconsistency between the opinion and the ALJ's assessment of residual functional capacity."); *see also Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004) ("When the ALJ does not need to reject or weigh evidence unfavorably in order to determine a claimant's RFC, the need for express analysis is weakened."). The State agency physicians' opinions are that Plaintiff's impairments create greater restrictions than those imposed by the ALJ. Tr. 29, 330. Thus, the ALJ was required to discuss these medical opinions and state how heavily, if at all, he weighed them.

To the extent Defendant asserts reasons as to why the State agency physicians' opinions are not entitled to weight, such reasons are impermissible post hoc rationalizations not explicitly or implicitly stated by the ALJ. Tr. 13, 15-16; *see Robinson v. Barnhart*, 366 F.3d 1078, 1084-85 (10th Cir. 2004) (stating that judicial review is limited to the reasons stated in the ALJ's decision); *Allen v. Barnhart*, 537 F.3d 1264, 1267 (10th Cir. 2008) (stating that a magistrate judge's post hoc rationale is improper because it usurps the agency's function of weighing and balancing the evidence in the first instance).

Even though the Court does not insist on "technical perfection" in an ALJ's Decision, the Court must be able to follow the ALJ's reasoning. *See Keyes–Zachary v. Astrue*, 695

F.3d 1156, 1166 (10th Cir. 2012). Here, the Court is unable to do so, and therefore this case must be remanded for further proceedings.[4]

### IV. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the decision of the Commissioner that Plaintiff is not disabled is **REVERSED** and this matter is **REMANDED** for further proceedings consistent with this opinion.[5]

IT IS FURTHER **ORDERED** that Plaintiff is **AWARDED** her costs, to be taxed by the Clerk of the Court pursuant to Fed. R. Civ. P. 54(d)(1), D.C.COLO.LCivR 54.1, and 28 U.S.C. § 2412(a)(1). *See Knuutila v. Colvin*, __ F. Supp. 3d __, __, 2015 WL 5116723, at *5 (D. Colo. Aug. 31, 2015).

Dated: March 24, 2016

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

[4] The Court does not reach Plaintiff's remaining arguments, as they may be impacted by the ALJ's review of the issues on remand. However, the Court notes, without deciding the merit of Plaintiff's argument, that on remand clarification of the weight given by the ALJ to the various portions of Dr. Valette's opinion may be especially helpful should further review of the Decision be necessary.

[5] The Court finds that this case does not present a proper occasion on which to exercise its discretion and direct the award of benefits. *See Nielson v. Sullivan*, 992 F.2d 1118, 1122 (10th Cir. 1993). By reversing the ALJ's decision, the Court does not find or imply that Plaintiff is or should be found disabled. *See, e.g., Knuutila v. Colvin*, __ F. Supp. 3d __, __, 2015 WL 5116723, at *5 n.5 (D. Colo. Aug. 31, 2015).